UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 11732 PBS**

| | |
|---|---|
| JOHN V. COSTA,<br>Plaintiff | )<br>)<br>) |
| V. | )<br>)  CIVIL ACTION NO.<br>) |
| SHANE M. REUL and<br>CITY OF NEW BEDFORD MAGISTRATE JUDGE<br>Defendants | )<br>)<br>)<br>) |

RECEIPT # _____ 54492
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 8/6/04

## **COMPLAINT**

### I.  **PARTIES**

1.  Plaintiff John V. Costa is an individual residing in New Bedford, Bristol County, Massachusetts.

2.  Defendant Shane Reul was at all times material to this complaint a duly appointed and acting member of the police department of the City of New Bedford.

3.  At all times material to this complaint Defendant Reul acted under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs, and usages of the Commonwealth of Massachusetts and/or the City of New Bedford.

4.  Defendant City of New Bedford is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts.

### II.  **JURISDICTION**

5.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction is established by 42 U.S.C. §§ 1331 and 1343. Plaintiff invokes the pendant jurisdiction of this Court to hear state civil rights and tort claims.

### III.  **BACKGROUND**

6.  Plaintiff and his wife, Mary Beth Costa, are landlords who underwent a long and contentious eviction process with their tenants, who are Ms. Costa's mother and stepfather.

7.    Ms. Costa's mother, Kendra Monteiro, and her stepfather, Arnaldo Monteiro, have made numerous threats to commit bodily injury on Ms. Costa and Plaintiff.

8.    On or about July 15, 2002, Ms. Costa obtained a civil restraining order pursuant to G.L. c.209A ("209A order) against her stepfather and mother, Mr. and Mrs. Monteiro.

## IV.    **FACTS**

9.    On or about July 16, 2002, Defendant Reul and Officer Peter Beauregard, served the 209A order on Mr. and Mrs. Monteiro.

10.    While serving the 209A order, Plaintiff heard Defendant Reul remark to Ms. Monteiro, "Oh no, Mrs. Monteiro, had I known this was you I wouldn't have delivered the restraining order."

11.    Plaintiff also heard Defendant Reul say, "Just go down to the court and get a restraining order against him [Plaintiff]. If he puts one foot on the steps, call us and – phiiitt – he'll be out of here." He continued, "He'll be put in jail and if he gets out he won't be able to come back."

12.    When Plaintiff told Defendant Reul that what he had overheard and inquired whether he was subject to arrest, Defendant Reul told him to get inside his house and stop listening to what the officers were discussing.

13.    Plaintiff's wife responded, "You were called here to give them a restraining order and instead you are telling them you'll put us in jail? I am the victim, why are you doing this?"

14.    Defendant Reul then yelled at Plaintiff's wife, saying, "Get in your fucking apartment before I arrest you!"

15.    Plaintiff then instructed his wife to call "911," but the police dispatcher insisted that the officers would not arrest them.

16.    Defendant Reul continued to warn Plaintiff that he "better keep the fucking door closed."

17.    Plaintiff continued to peer through the window as the officers spoke with Ms. Monteiro in the front of the house.

18.    Ms. Monteiro was smiling and Plaintiff heard Defendant Reul telling her, "Don't worry Mrs. Monteiro, the restraining order won't stand," that they would "get this all squared away – you'll be back home in a half an hour."

19.    Within minutes of that conversation, Plaintiff saw Defendant Reul leave, with Ms. Monteiro following them in her car.

20.    Suspecting that they were heading to the courthouse to vacate the restraining order against the Monteiros, Plaintiff drove to the courthouse and saw Defendant Reul's police car parked at the courthouse. Plaintiff also saw Mr. Monteiro parked alone in his vehicle in a reserved parking space near the court.

21.    Plaintiff went inside the courthouse and saw Defendant Reul speaking to Ms. Monteiro in the doorway of one of the courtrooms.

22.    Plaintiff then proceeded to the restraining order counter and was told by the clerk that Defendant Reul and Ms. Monteiro had attempted to vacate the restraining order, but that they were unsuccessful.

23.    On or about August 5, 2002, Mr. and Mrs. Monteiro obtained a 209A order against Plaintiff and Ms. Costa.

24.    On or about August 6, 2002, at about 9:15 AM, Plaintiff was served with the 209A order by New Bedford Police officers.

25.    At approximately 1:00 PM, on August 6, 2002, Mr. Monteiro threatened Plaintiff with bodily harm.

26.    At approximately 1:50 PM on August 6, 2002, Plaintiff drove to the New Bedford Police station to report the crime.

27.    When Plaintiff attempted to report the crime he was advised by Defendant Reul to remain in his vehicle and wait for a while.

28.    While Plaintiff was waiting in his vehicle he noticed Mr. Monteiro enter the rear entrance of the police station.

29.    After about one hour of waiting in his vehicle, Plaintiff was directed inside the police station by Defendant Reul, whereupon he was arrested and booked for violation of a 209A order against Mr. Monteiro.

30.    Defendant Reul never gave Plaintiff an opportunity to explain his version of events surrounding the alleged violation of 209A order, or the original report of threats against him by Mr. Monteiro.

31.    Plaintiff was not given the opportunity for a prompt bail hearing and spent the evening held in a jail cell.

32.    Plaintiff was held in custody until his release at arraignment at approximately 11:00 AM the following morning.

33.    While in custody Plaintiff suffered the indignity of having been seen by several court officers with whom he had become acquainted while serving as a boating safety instructor for the United States Coast Guard.

34.    Plaintiff hired a criminal attorney to represent him and the Court later dismissed all criminal charges against Plaintiff due to insufficient evidence.

35.    On said dates listed above, Defendant City of New Bedford had a duty to reasonably train and supervise its officers in the impartial and non-abusive enforcement of the law.

36.    Plaintiff suffered and continues to suffer mental pain and anguish from Defendants acts or omissions.

**COUNT I:**         **Violation of 42 U.S.C. § 1983 by Defendant Shane Reul individually, and in his official capacity.**

37.    Paragraphs 1 through 36 of this complaint are incorporated herein by reference.

38.    By the actions described in the preceding paragraphs, Defendant Reul denied Plaintiff his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

39.    Defendant Reul subjected Plaintiff to these deprivations recklessly or with indifference to Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983.

40.    As a direct and proximate result of the acts and omissions of Defendant Reul, Plaintiff suffered damages and injuries as described above.

**COUNT II:**        **42 U.S.C. § 1983—Municipal Liability of Defendant City of New Bedford.**

41.    Paragraphs 1 through 36 of this complaint are incorporated herein by reference.

42.    Defendant City of New Bedford has violated, and has allowed another to violate, Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983.

43.    As a direct and proximate result of the acts and omissions of Defendant City of New Bedford, Plaintiff suffered damages and injuries as described above.

**COUNT III:**    **Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I by Defendant Shane Reul individually and in his official capacity.**

44.    Paragraphs 1 through 36 of this complaint are incorporated herein by reference.

45.    The acts and omissions of Defendant Reul violated Plaintiff's civil rights as provided for in M.G.L. c.12, § 11I by threats, intimidation, and coercion.

46.    As a direct and proximate result of the violations of M.G.L. c.12, § 11I, Plaintiff suffered the injuries and damages described above.

**COUNT IV:**    **Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I against Defendant City of New Bedford.**

47.    Paragraphs 1 through 36 of this complaint are incorporated herein by reference.

48.    The acts and omissions of Defendant City of New Bedford as aforesaid, violated Plaintiff's civil rights as provided for in M.G.L. c.12, § 11I.

49.    The policies and customs of Defendant City of New Bedford were responsible for the acts of Defendant Reul as described above and were a direct and proximate cause for Plaintiff's injuries as described above.

**COUNT V:**    **False Imprisonment by Defendant Shane Reul individually and in his official capacity.**

50.    Paragraphs 1 through 36 of this complaint are incorporated herein by reference.

51.    Defendant Reul did intentionally and without justification falsely deprive Plaintiff of his liberty.

52.    As a direct and proximate result of the intentional acts of Defendant Reul, Plaintiff suffered the injuries and damages described above.

**COUNT VI:**    **Malicious Prosecution by Defendant Shane Reul individually and in his official capacity.**

53.    Paragraphs 1 through 36 of this complaint are incorporated herein by reference.

54.    Defendant Reul did intentionally and maliciously institute criminal proceedings against Plaintiff.

55.  As a direct and proximate result of the intentional acts of Defendant Reul, Plaintiff suffered the injuries and damages described above.

**COUNT VII:**    **Negligent Supervision and Training by Defendant City of New Bedford.**

56.  Paragraphs 1 through 36 of this complaint are incorporated herein by reference.

57.  Defendant City of New Bedford was negligent in the hiring, supervision and training of Defendant Reul.

58.  As a direct and proximate result of the negligence of Defendant City of New Bedford, Plaintiff suffered the injuries and damages described above.

WHEREFORE, the Plaintiffs request that this Court:

a.   Award compensatory damages against the Defendants;
b.   Award punitive damages against Defendants;
c.   Award the costs of this action, including attorney's fees, to the Plaintiffs; and
d.   Award such other and further relief, as this Court may deem necessary and appropriate.

## IV.   **JURY DEMAND**

A JURY TRIAL IS HEREBY DEMANDED.

JOHN V. COSTA
By His Attorney,

Austin J. Freeley
BBO# 563349
221 Lewis Wharf
Boston, MA 02108
Dated: August 6, 2004          (617) 723-9538

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John V. Costa

## DEFENDANTS

Shane M. Reul and
City of New Bedford

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Bristol_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Bristol_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Austin J. Freeley
221 Lewis Wharf
Boston, MA 02110
(617) 723-9538

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 1983. Defendant Shane Reul intentionally violated Plaintiff's constitutional right to be free from unlawful seizures and arrests when arrested Plaintiff after Plaintiff went to police station to report a threat.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury— Med Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $100,000

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  8/6/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _John Costa v. Shane Revl_

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
    COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 690, 892-894, 895, 950.        for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

04 11732 PBS

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
    HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
    COURT?
                                                           YES        (NO)

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST? (SEE 28 USC §2403)
                                                           YES        (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                           YES        (NO)

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
    28 USC §2284?
                                                           YES        (NO)

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
    COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
    SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                          (YES)       NO

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        (EASTERN DIVISION)          CENTRAL DIVISION              WESTERN DIVISION

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
        GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION            CENTRAL DIVISION              WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Austin J. Freeley_
ADDRESS _221 Lewis Whaff Boston, MA. 02110_
TELEPHONE NO. _(617) 723-9538_

(Cover sheet local.wpd - 11/27/00)